**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 15-03369-DD |
| | Chapter 13 |
| Derrick Allen Harling and Teresa Stevens Harling, | **ORDER SUSTAINING OBJECTION TO CLAIM** |
| Debtors. | |

THIS MATTER comes before the Court on an Objection to Claim of LVNV Funding & Vativ Recovery Solutions ("Objection") filed by Derrick Allen and Teresa Stevens Harling ("Debtors"), the Response to Objection to Claim ("Response") filed by LVNV Funding, LLC ("LVNV" or "Creditor"), and the Supplemental Memorandum to the Response ("Supplemental Memorandum") filed by LVNV. After hearing the arguments of counsel, reviewing the applicable law, documents filed, and relevant evidence, the Court sustains Debtors' Objection.

**I.    Facts and Procedural History**

Debtors filed for relief under chapter 13 of the bankruptcy code on June 26, 2015. They filed their plan on July 9, 2015.[1] They amended the plan on August 10, 2015 to resolve an issue with a secured creditor.[2] The plan was confirmed on August 20, 2015.[3] As is relevant here, the plan contains the following provisions:

> IV. **PLAN DISTRIBUTION TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for the purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is

---

[1] Dkt. 11.

[2] Dkt. 17.

[3] Dkt. 25.

1

secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee … shall make payments as follows:

E. <u>General Unsecured Creditors:</u> General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims.

LVNV filed its proof of claim for $3,878.86 on July 8, 2015, prior to plan confirmation. The proof of claim states the debt was assigned to LVNV by CitiFinancial, Inc., in June of 2007. It also states that the last payment on the debt was in October of 2005. Debtors' schedules do not include a debt owed to either LVNV or CitiFinancial, Inc.[4] The deadline for filing proofs of claims in this case for non-governmental creditors like LVNV was October 26, 2015.

Debtors objected to LVNV's claim on August 27, 2015, one week after the Court entered the plan confirmation order.[5] Debtors objected to the proof of claim pursuant to 11 U.S.C. § 502(b)(1)[6], that the claim is unenforceable against the Debtors under state law as barred by the statute of limitations. LVNV responded to the objection[7], arguing that because the proof of claim was filed prior to confirmation, the confirmation order bars Debtors from objecting to it.[8] LVNV's argument primarily relied on a recent Fourth Circuit

---

[4] Dkt. 10.

[5] Dkt. 27.

[6] Further references to the bankruptcy code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

[7] Dkt. 28.

[8] LVNV's Response also argues that Debtors' objection is not timely because it was filed after the 28-day objection period to plan confirmation, and was not filed in accordance with SC LBR 9014-1. This assertion is incorrect. The 28-day objection period applies to plan confirmation, not objections to proofs of claim. SC LBR 9014-1 applies to objections made to pleadings or motions filed in the case requesting relief. An objection to a proof of claim is not an objection covered by this rule; an objection to a proof of claim is a document filed in a case seeking relief.

case, *Covert v. LVNV Funding LLC*, 779 F.3d 242 (4th Cir. 2015). LVNV does not dispute the fact that collection of its debt is otherwise time-barred under state law.

The Court held a hearing on the matter on November 2, 2015. At the hearing, the Court asked the parties if the plan filed in *Covert* had language reserving the right to object to proofs of claim similar to the plan filed in this case. The parties provided the Court with the plan at issue in *Covert* after the hearing, and all agreed that the plan did not contain the same reservation. Additionally, although the chapter 13 trustee did not take a position on the matter at the hearing, upon reviewing the difference between the *Covert* plan and the plan filed in this case, she noted that in this district, plan confirmation routinely takes place prior to the expiration of the claims bar date so that chapter 13 trustees may begin distributions to creditors as quickly as possible. She suggested that the reason the form plan reserved the right to object to claims to a later date was to ensure that the claims objection process would not slow confirmation and delay distributions to creditors.

In light of the differences between the plans, LVNV requested an opportunity to supplement its briefing. The Court granted that request and permitted Debtors and the chapter 13 trustee to similarly respond. LVNV filed its supplemental memorandum on November 6, 2015, arguing that the reservation provision in the plan was unenforceable. Neither the Debtors nor the chapter 13 trustee filed supplemental briefs.

**II. Discussion**

LVNV argues that the objection to its proof of claim is barred by the doctrine of res judicata. Res judicata bars later litigation of causes of action that were actually adjudicated, or could have been adjudicated, as well as issues that were "actually and necessarily determined" in an earlier action. *First Union Commercial Corp. v Nelson, Mullins, Riley*

3

*and Scarborough (In re Varat Enters., Inc.)*, 81 F.3d 1310, 1314 - 15 (4th Cir. 1996). Res judicata applies when the following three conditions are met:

> (1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process;
> (2) the parties are identical, or in privity, in the two actions; and,
> (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*Id*. at 1315.

The first two elements are easily met here. Section 1327 of the bankruptcy code provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." This code provision provides confirmation orders with "the res judicata effect of a final judgment." *Piedmont Trust Bank v. Linkous (In re Linkous)*, 990 F.2d 160, 162 (4th Cir. 1993). With respect to the second element, it is "self-evident[]" that debtors participate "in the confirmation proceedings for … [their] own bankruptcy plan." *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015). Creditors are "also parties to these [bankruptcy] proceedings because of their financial interest in the amount allotted to satisfy unsecured claims." *Id*. The parties to confirmation and the parties to this claim objection are therefore in privity. *See id*.

The question before the Court, then, is whether the confirmation order adjudicated Debtors' objection to LVNV's proof of claim. Although there is "no simple test … to determine whether claims are based on the same cause of action … claims are part of the same cause of action when they arise out of the same transaction or serious of transactions, or the same core of operative facts." *Id*. at 246 – 47 (quoting *Grausz v. Englander*, 321 F.3d 467, 473 (4th Cir. 2003)). However, parties may agree to modify the preclusive effect

4

of a final order by explicitly or implicitly reserving the right to later adjudicate an issue that could have been resolved. *See Young-Henderson v. Spartanburg Area Mental Health Center*, 945 F.2d 770, 773 – 74 (4th Cir. 1991) (holding that language in a consent order resolving only specific causes of action raised in a complaint did not have res judicata effect on all causes of action that could have been raised in the complaint). Because the purpose of res judicata "is to protect the defendant from the burden of relitigating the same claim in different suits, consent, in express words or other … prevents the defendant from invoking claim preclusion." *Keith v. Aldridge*, 900 F.2d 736, 740 (4th Cir. 1990). In bankruptcy cases, when a bankruptcy order has confirmed a plan, and the plan contains an express reservation of rights, that reservation may preserve the right of a party to later litigate an issue. *E.g., Russo-Chestnut v. Wells Fargo (In re Russo-Chestnut)*, 522 B.R. 148, 158 (Bankr. D.S.C. 2014) (holding that a reservation of rights provision in a chapter 13 plan reserved the debtor's right to pursue a cause of action against her mortgage company for damages in connection with state law foreclosure proceedings).

However, not all reservation of rights clauses are drafted equally.[9] Some courts have found that for a reservation of rights clause to defeat confirmation's res judicata effect, "the plan must expressly reserve the right to pursue that particular claim post-confirmation … a blanket reservation allowing for objection to any claim is insufficient." *Tracar v. Silverman (In re Am. Preferred Prescription, Inc.)*, 266 B.R. 273, 277 (E.D.N.Y. 2000).

---

[9] Although much of the case law discussing reservations of right clauses in bankruptcy plans arises in chapter 11 cases, courts examining reservation of rights clauses in chapter 13 proceedings have found those cases "persuasive by analogy." *In re Nix*, Case No. 10-01103-HB; Adv. Pro. No. 11-80062-HB, 2012 WL 24667 at *5 (Bankr. D.S.C. Jan. 5, 2012). Chapter 11 and 13 cases differ in structure and purpose. Chapter 13 exists for wage earners and chapter 11 for business or more financially sophisticated debtors. Chapter 13 moves quickly (plans are due 14 days after the filing of the petition, Fed. R. Bankr. P. 3015); chapter 11 more slowly (debtors generally have an exclusivity period of 120 days to file a plan, 11 U.S.C. § 1121(b)). Chapter 11 cases have a disclosure statement and a plan; chapter 13 cases usually only a form plan. The analogy must be undertaken with these differences in mind.

This is because "[a] blanket reservation that seeks to reserve all causes of action reserves nothing. To hold otherwise would eviscerate the finality of a bankruptcy plan containing such a reservation, a result at odds with the very purpose of a confirmed bankruptcy plan." *D & K Properties Crystal Lake v. Mut. Life Ins. Co. of New York*, 112 F.3d 257, 261 (7th Cir. 1997).

Cases finding reservations of rights clauses unenforceable generally turn on a vague reservation clause and specific claims treatment, untimely action, and/or a reservation of rights clause that is inapplicable to the cause of action. For example, in *Tracar*, the court applied res judicata to bar a chapter 11 trustee from relying on a plan provision preserving the right of the debtor to object to "any claim filed with the Bankruptcy Court" within either 45 days of confirmation or some other day set by the court when the creditor's claim had been both previously litigated and specifically provided for in the plan. 266 B.R. at 279. The request to expunge the claim was brought nearly two years after confirmation. *Id*. Similarly, the Ninth Circuit Bankruptcy Appellate Panel applied res judicata to an objection to a proof of claim despite a provision reserving the right to object to claims when the debtors had negotiated with the creditor pre-confirmation to obtain the creditor's vote at confirmation, and knew of the facts surrounding their objection four months prior to confirmation. *Kelley v. South Bay Bank (In re Kelley)*, 199 B.R. 698, 703 (B.A.P. 9th Cir. 1996). In *D & K Properties Crystal Lake*, the reorganized debtor attempted to bring a post-confirmation and post-disbursement breach of contract cause of action against a creditor with an allowed and paid claim based on a plan provision preserving "all causes of action existing" at the time of confirmation. 112 F.3d at 259 – 262. The Seventh Circuit rejected this approach. *Id*. at 262. Finally, a recent chapter 13 case from this district held that a

6

general reservation of rights provision in a confirmed plan was insufficient to preserve causes of action regarding the origination of a loan against a secured lender when that loan was specifically provided for in the plan *Nix v. Household Fin. Corp. (In re Nix)*, Case No. 11-01103-HB, Adv. Pro. No. 11-80062-HB, 2012 WL 27667 (Bankr. D.S.C. 2012) (Burris, J.).[10]

Although all of these cases reject reservations of rights clauses as overly general, there is not a "general rule that naming each defendant or stating the factual basis for each cause of action are the only ways to preserve a cause of action at confirmation." *The Elk Horn Coal Co., LLC v. Conveyor Manf. & Supply, Inc. (In re Pen Holdings, Inc.)*, 316 B.R. 495, 504 (Bankr. M.D. Tenn. 2004). Instead, a court should consider the specifics of the case and the positions of the parties. *Cooper v. Tech Data Corp. (In re Bridgeport Holdings, Inc.)*, 326 B.R. 312, 325 (Bankr. D. Del. 2005). Thus, in *Bridgeport Holdings*, the court denied a motion to dismiss preference causes of action based on res judicata when the large, chapter 11 debtor's confirmed plan generally reserved the right to bring preference actions post-confirmation. *Id*. In doing so, the court noted that this was a frequent practice in large chapter 11 cases, and that requiring plans to list every conceivable defendant to preference actions prior to confirmation was simply impractical. *Id*. at 325 – 26. Other courts have noted that plans "may provide that particular causes of action, or categories of causes of action, … [may be] preserved and not affected by confirmation."

---

[10] LVNV points to Judge Burris's opinion in support of its argument that the reservation of rights clause in the plan before the Court, a clause identical to the clause considered in *Nix*, will not defeat the application of res judicata to Debtors' objection. *Nix* does not go so far. The claim in *Nix* was a secured claim specifically treated in the plan. Judge Burris specifically notes: "Chapter 13 plans in this district may be confirmed prior to the deadline for filing proofs of claim. Consequently post-confirmation review of and objections to claims for payment may be necessary. However, confirmation of the plan *may* preclude post-confirmation challenges to claims if the specific terms of the plan or the facts surrounding confirmation indicate that the amount of a particular claim or any portion thereof *was* addressed by the plan or prior to confirmation of the plan." *Nix*, 2012 WL 27667 at*6 n. 30 (emphasis in original).

7

*Alary Corp. v. Sims (In re Associated Vintage Group, Inc.)*, 283 B.R. 549, 563 (B.A.P. 9th Cir. 2002); *see also P.A. Bergner & Co. v. Bank One (In re P.A. Bergner & Co.)*, 140 F.3d 1111, 1117 (7th Cir. 1998) ("[w]hile there might be some logic in requiring 'specific and unequivocal' language to preserve claims … the statute itself contains no such requirement"); *In re Hearn*, 337 B.R. 603, 609 (Bankr. E.D. Mich. 2006) (holding that a chapter 13 debtor's reservation of rights to bring avoidance actions post-confirmation was sufficiently specific).

The reservation provision here is specific to a category of rights: the bankruptcy claims objection process. It is not so broad as to compromise the res judicata effect of the plan overall, as in *In re Porter*, 382 B.R. 29, 36 (Bankr. D. Vermont 2008) (holding that language preserving a myriad of pre- and post-confirmation causes of action, including federal and state law consumer protection violations that "could or might" be asserted, was "inappropriate to include in a Chapter 13 plan" because it undermined the res judicata effect of the confirmation order). A reservation such as the one employed in the South Carolina form plan is more narrow, makes practical sense, and promotes efficient chapter 13 case administration.

The bankruptcy code does not set a timeframe for filing claims, but leaves that to the rules. *See* Fed. R. Bankr. P. 3002. The rules prohibit trustees and debtors from filing proofs of claims on behalf of entities until after the deadline for filing proofs of claim has passed. Fed. R. Bankr. P. 3002(a); 3004 (This allows important claims to be paid even if a creditor fails to file proof of its claim). Rule 3007 governs objections to proofs of claim, requires them to be in writing, and provides for noticing the hearing and serving the claimant, but does not include a deadline for filing the objection. In most chapter 13 cases,

8

"[u]nsecured claims against a debtor are often numerous and of small, but uncertain, amount." *In re Johnson*, 279 B.R. 218, 224 (Bankr. M.D. Tenn. 2002). They are paid subsequent to other claims with higher priority. *Id*. Plans often specifically provide for secured and priority claims because payment of those types of claims affects plan confirmation. 11 U.S.C. §§ 1322(a)(2), 1325(a)(5), (8). These claims are often paid first. In contrast, payments to general unsecured creditors are not generally dependent on the specifics of each claim; payments to unsecured creditors depend on debtors' income and assets available for liquidation under chapter 7, not the amount owed to the creditor. 11 U.S.C. § 1325(a)(5), (b). These claims are often paid at or near the conclusion of a three to five year plan period for payments.

Consequently, in this district, plan confirmation generally occurs prior to the expiration of the deadline for filing proofs of claim, and plans contain language specifically carving out the claims resolution process as separate from confirmation by preserving the right to object to claims post-confirmation. *See Johnson*, 279 B.R. at 226 ("This plan reserves all such [allowance or disallowance] questions until after the claims bar date when information is available to evaluate claims and liens.").[11] This permits chapter 13 trustees to begin disbursements expeditiously, as they are encouraged to do by Congress. *Id*. at 223. The inclusion of this reservation in the form plan is not accidental or vague: it deliberately envisions resolution of the claims objection process post-confirmation.

---

[11] The proof of claim at issue in *Johnson* was filed post-confirmation. *Johnson*, 279 B.R. at 221. While this fact does weigh on the court's analysis, the court also notes at length that the fact that the claims objection process is specifically carved out of the confirmation process "is a fundamental recognition that claims will be filed, allowed, and sometimes, disallowed *after* confirmation in Chapter 13 cases." *Id*. (emphasis in original).

The plan does not purport to allow LVNV's claim or specifically provide for it. It deals with unsecured claims as a class. The plan explicitly reserves the right to object to proofs of claim. The reservation of this category of rights is a permissible reservation, particularly in light of how chapter 13 administration occurs in this district. If LVNV disagreed that the reservation was appropriate, it could have objected to the provision prior to confirmation. It, too, is bound by confirmation. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 274 (2010) (holding that a creditor was bound by the terms of the plan despite the fact that the plan should not have been confirmed because the creditor had notice of the plan and did not object).

Debtors' objection to LVNV's claim on the basis of the statute of limitations is one recognized by the bankruptcy code. LVNV does not otherwise dispute the objection. The right to object post-confirmation was properly reserved in the plan.

### III. Conclusion

Claim 2-1, held by LVNV, is disallowed because it is unenforceable under state law.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**11/24/2015**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 11/24/2015